**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

NEVADA POWER COMPANY d/b/a NV Energy and SIERRA PACIFIC POWER COMPANY d/b/a NV Energy,

    Plaintiff,

vs.

TRENCH FRANCE, S.A.S. and TRENCH LIMITED,

    Defendants.

2:19-cv-01252-JAD-VCF

**ORDER**

Motion to Stay [ECF No. 29]; Stipulated Discovery Plan [ECF No. 53]

Before the Court are Trench France, SAS ("Trench France") and Trench Limited's ("Trench Canada," collectively, the "Trench Defendants") motion to stay discovery (ECF No. 29) and the parties' (Nevada Power Company ("NV Power") and the Trench Defendants) proposed discovery plan and scheduling order (ECF No. 53). On February 10, 2020, the Court held a hearing on the motions. (ECF No. 54). The Court grants the Trench Defendants' motion to stay discovery (ECF No. 29) in part. All discovery will be stayed except jurisdictional discovery. The operative discovery schedule will set a deadline to complete jurisdictional discovery.

**I.    Background**

Plaintiff NV Power brings claims for negligence and strict products liability against Trench France and Trench Canada, alleging that from 2015 through 2017, several insulating devices (known as bushings) they manufactured exploded at NV Power's substations. (ECF No. 9 at 3). Defendants argue in their motions to dismiss that 1) this Court lacks jurisdiction over Trench France (ECF No. 28 at 2) and Trench Canada (ECF No. 12 at 1), and 2) that the economic loss rule bars NV Nevada's claims. (ECF Nos. 12 and 28 at 2). Defendants ask for a stay of discovery pending a decision on their motion to dismiss. (ECF No. 29). Defendants argue that the Court should stay discovery because this case is like a previous action against Trench France that this Court dismissed without prejudice for lack of

jurisdiction. See *Nevada Power Company v. Trench France SAS et al*, 2:15-cv-00264-JCM-NJK ("NV Power I").

Plaintiff NV Energy argues that the instant case is unlike NV Power I because the complaint alleges new facts, a new time period, and Trench Canada is a new defendant. (ECF No. 38 at 6). Plaintiff NV Energy argues that jurisdictional discovery is needed because discovery has already produced evidence supporting jurisdiction in Nevada: 10 contracts between Trench Canada and NV Energy "construed in accordance with the governing laws of the State of Nevada [ ]." (*Id.* at 3-4). NV Energy argues that this case is similar to a District of Arizona case, where the court found that it had jurisdiction over the Trench Defendants in a case regarding exploding bushings based on evidence the plaintiff power company discovered during limited jurisdictional discovery. (ECF No. 38-2 at 3). At the hearing, NV Energy suggested that the existence of the contracts may provide a basis for either specific or general jurisdiction.

The Trench Defendants argue in their reply that NV Energy's discovery requests are broad and that NV Energy seeks, "discovery that extends far beyond the Trench Defendants' potentially relevant jurisdictional contacts with Nevada." (ECF No. 43 at 2).

**II.  Discovery**

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). Courts in the District of Nevada apply a two-part test when evaluating whether a discovery stay should be imposed. *Id.* First, the pending motion must be potentially dispositive of the entire case or at least the issue on which discovery is sought. *Id*. Second, the court must determine whether the pending motion to dismiss can be decided without additional discovery. *Id*. When applying this test, the court must take a "preliminary peek" at the merits of the pending dispositive motion to assess whether a stay is warranted. *Id*. "[A] party seeking a stay of discovery carries the heavy burden

of making a strong showing why discovery should be denied." *Ministerio Roca Solida*, 288 F.R.D. at 503.

With regard to general jurisdiction, "[a]n individual's contract with an out-of-state party cannot alone automatically establish sufficient minimum contacts in the other party's home forum." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463, 105 S. Ct. 2174, 2177 (1985). "[P]rior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing, must be evaluated to determine whether a defendant purposefully established minimum contacts within the forum." *Id.* "For a state court to exercise specific jurisdiction, the suit must arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1775 (2017). "[O]nly a limited set of affiliations with a forum will render a defendant amendable to general jurisdiction in that state." *Id.*

Jurisdictional allegations, however, must be "plausible" and not merely possible. *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir.2014) cert. denied, 14–119, 2014 WL 3817554 (U.S. Oct. 14, 2014). The Court should allow jurisdictional discovery where the facts supporting jurisdiction are unclear or controverted or where discovery would assist the Court's jurisdictional analysis. *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008). While Plaintiff need not make a prima facie case of jurisdiction to warrant discovery, it must demonstrate more than a "hunch" that the discovery will uncover facts relevant to Defendant's ties to Nevada. *Id.*; *Hall v. United States*, No. 16-cv-02395-BAS-RBB, 2017 U.S. Dist. LEXIS 120149, 2017 WL 3252240, 4 (S.D. Cal. July 31, 2017).

Plaintiff NV Energy has presented evidence that Trench Canada has entered into contracts with NV Energy that may subject the Trench Defendants to jurisdiction in Nevada. Due to the unclear and controverted nature of defendants' ties to Nevada, limited jurisdictional discovery will assist the Court's jurisdictional analysis. The Court finds that the Trench Defendants' argument, that the economic loss rule bars NV Energy's claims, are potentially dispositive of the case and the Court can decide that issue

without additional discovery. After a preliminary peek and in light of the goals of Federal Rule of Civil Procedure 1 to "secure the just, speedy, and inexpensive" determination of all cases, the Court finds that defendants' motion to dismiss demonstrates good cause to stay discovery, with the exception of limited jurisdictional discovery. The Court will allow the parties to take jurisdictional discovery, limited to the topics of general and specific jurisdiction, for 90 days. Regarding the joint discovery plan and scheduling order, the Court declines setting discovery deadlines at this time other than for jurisdictional discovery because all other discovery is stayed.

Accordingly,

IT IS ORDERED that defendants' motion to stay (ECF No. 29) is GRANTED IN PART: the parties may take jurisdictional discovery, LIMITED to the topics of general and specific jurisdiction, until Thursday, May 21, 2020; all other discovery in this case is STAYED.

IT IS FURTHER ORDERED that if the district judge denies the motion to dismiss, the parties shall meet and confer and submit a new proposed discovery plan and scheduling order with discovery deadlines measured from the date of the Court's denial.

IT IS FURTHER ORDERED that a STATUS CHECK on this case is set for Monday, November 16, 2020 at 10:00 am.

DATED this 21st day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE