# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

NEVADA POWER COMPANY d/b/a NV ENERGY and SIERRA PACIFIC POWER COMPANY d/b/a NV Energy,

    Plaintiff,

vs.

TRENCH FRANCE, S.A.S. and TRENCH LIMITED, *et al.*,

    Defendants.

Case No. 2:19-cv-01252-JAD-VCF

**ORDER**

MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 49); MOTION TO FILE EXHIBITS UNDER SEAL (ECF NO. 50); MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT (ECF NO. 66)

Before the Court are plaintiff Nevada Power Company and Sierra Pacific Power Company's ("Nevada Energy") motion for leave to file a second amended complaint (ECF No. 49); and motion to file under seal (ECF No. 50). Also before the Court is the defendants' motion for leave to file a sur-reply in opposition to plaintiff's motion for leave to file a second amended complaint. (ECF No. 66). All three motions (ECF No. 49, 50, and 66) are granted.

**I.    Background**

Plaintiff NV Power brings claims for negligence and strict products liability against Trench France and Trench Canada, alleging that from 2015 through 2017, several insulating devices (known as bushings) they manufactured exploded at NV Power's substations. (ECF No. 9 at 3). The defendants have moved to dismiss the complaint (ECF Nos. 28 and 29); their motions to dismiss are currently

1

pending before the Court. Discovery is partially stayed and there are no discovery deadlines at this time, except that the parties may take limited jurisdictional discovery until May 21, 2020. (ECF No. 59).

In plaintiff's motion for leave to file its second amended complaint, plaintiff argues that its first amended complaint deleted settled claims and that the instant motion is timely because the case is still in its early stages. (ECF No. 49 at 2). Plaintiff argues that it has discovered important evidence via a subpoena that underlies its new allegations and plaintiff added statutory language which it contends is implicit in the first amended complaint. (*Id*. at 2-3).

The defendants argue in their opposition to plaintiff's motion for leave to amend it will be prejudiced because the plaintiff has unduly delayed filing a proposed amended complaint. (ECF No. 60 at 14-16). Defendants also argue that the proposed amendments are futile because the Court lacks personal jurisdiction and the economic loss rule bars NV Energy's claims. (*Id.* at 3).

In plaintiff's reply, it argues that its proposed amendments are not futile and that its motion is timely because there is no deadline to file motions to amend in this case due to the defendant's stay: plaintiff also points out that it filed its motion to amend prior to the defendant's proposed deadline to amend set forth in the proposed discovery plan and scheduling order. (ECF No. 65 at 3-4). In defendant's proposed sur-reply, defendants argue that NV Energy misrepresents the law in its reply regarding why its proposed amendments are not futile. (ECF No. 66 at 7).

In plaintiff's motion to seal, it seeks to seal invoices submitted in connection with its motion for leave to file the second amended complaint that contain proprietary pricing information. (ECF No. 50 at 2). The defendants did not file an opposition to the motion to seal.

//

## II. Discussion

### A. Motion for Leave to File Amended Complaint

At this point in the litigation, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that the policy of Rule 15, "is to be applied with extreme liberality.*" Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1049 (9th Cir. 2003); see also *Bowles v. Reade*, 198 F.3d 752, 755 (9th Cir. 1999) (Finding that there is a strong public policy in favor of permitting amendment). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Courts are empowered to deny leave to amend based on the futility of the amendment. See e.g., *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). "Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

There is a strong policy favoring amendment. The fact that plaintiff filed their motion to amend prior to the defendant's proposed deadline to amend illustrates that this case is still in its early stages, and the motion for leave to amend could not have been a surprise for any of the defendants. The Court

3

finds that the plaintiff was diligent and has sought leave to amend in good faith. The Court considered the futility arguments raised by the defendants in their opposition and sur-reply and finds that the defendants' futility arguments are better addressed through a motion to dismiss given the extreme liberality of amendment promoted by Rule 15. The Court finds that the plaintiff has met the requirements for amendment pursuant to Rule 15.

**B. Motion for Leave to Seal**

"Courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations and quotations omitted). There is "a strong presumption in favor of access." *Id.* However, the public's right to access is "not absolute." *Id.* A "particularized showing," under the "good cause" standard of Rule 26(c) will suffice to seal, "material attached to nondispositive motions." *Id.* Pursuant to LR 7-2(d), when an opposing party does not file points and authorities in response to any motion it "constitutes a consent to the granting of the motion."

Plaintiff asserts that the invoices it filed under seal contain proprietary information. None of the defendants filed a response to plaintiff's motion to seal. Pursuant to LR 7-2(d), defendants have consented to the motion. The Court finds that plaintiff has made a showing of good cause to file the documents that contain proprietary information under seal. The Court will allow ECF Nos. 51 and 52 to remain under seal. Sealing the exhibits will protect confidential information without denying the public access to court documents unnecessarily.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff NV Energy's motion for leave to amend its complaint (ECF No. 49) is GRANTED.

IT IS FURTHER ORDERED that plaintiff has until Tuesday, March 31, 2020 to file its amended complaint.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file exhibits 1 and 2 to the motion to file an amended complaint under seal (ECF No. 50) is GRANTED.

IT IS FURTHER ORDERED the defendants' motion for leave to file a sur-reply in opposition to plaintiff's motion for leave to file a second amended complaint (ECF No. 66) is GRANTED.

IT IS SO ORDERED.

DATED this 24th day of March 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE