**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| NEVADA POWER COMPANY d/b/a NV Energy and SIERRA PACIFIC POWER COMPANY d/b/a NV Energy, <br><br> Plaintiff, <br><br> vs. <br><br> TRENCH FRANCE, S.A.S. and TRENCH LIMITED, <br><br> Defendants. | 2:19-cv-01252-JAD-VCF <br><br> **Report and Recommendation** <br><br> Motion for a Protective Order [ECF No. 106] |

Before the Court is Trench France, SAS's ("Trench France") motion for a protective order. (ECF No. 106). The Court recommends granting the motion.

**I.     Background**

Plaintiff NV Energy brings claims for negligence and strict products liability against Trench France and Trench Canada, alleging that from 2015 through 2017, several insulating devices (known as bushings) they manufactured exploded at NV Energy's substations. (ECF No. 9 at 3). The defendants' motions to dismiss are pending before the Court. (ECF Nos. 96 and 97). The Court stayed discovery pending a decision on the motion to dismiss except that it allowed plaintiff to take limited jurisdictional discovery. (ECF No. 94).

Trench France is a French corporation with its principal place of business and headquarters in France. (ECF No. 92). Trench France argues in its motion for a protective order that it has documents and ESI that are responsive to plaintiff's jurisdictional discovery requests, but that French law prohibits it from producing French-originated documents and ESI for the purpose of providing evidence in this action. (ECF No. 106 at 2). Trench France argues that a French penal law known as the "French

1

Blocking Statute" prohibits any person in France from communicating documents or information for the purpose of providing evidence in foreign judicial or administrative proceedings. (*Id.*) Trench France argues that violations of the French Blocking Statute are punishable by fines and imprisonment. (*Id.*) Trench France argues that the Blocking Statute's prohibitions do not apply when evidence is produced through the Hague Convention. (*Id.*) Trench France argues that complying with the procedures outlined by the Hague Convention are streamlined and will not cause a substantial delay: it estimates that the process can typically be completed within two months of the appointment of the commissioner. (*Id*. at 8). Defendant argues that in a prior case brought by NV Energy against it in Arizona, where NV Energy sought similar documents from Trench France, the district court granted Trench France's motion to appoint a French discovery commissioner and issued a request for assistance invoking Article 17 of the Hague Convention. (*Id.* at 9, citing to *Salt River Project Agric. Improvement & Power Dist. v. Trench France, S.A.S.*, 303 F. Supp. 3d 1004, 1010 (D. Ariz. 2018)).

Trench France asks the Court to appoint a commissioner for discovery in France pursuant to Article 17 of the Hague Convention on the Taking of Evidence Abroad. (See proposed order at ECF No. 106-1 at 1-3). Trench France also asks the Court to issue a request for international judicial assistance. (See proposed request, *Id*. at 5-9.) The defendant states that it is prepared to facilitate and to bear the costs associated with this procedure. (ECF No. 106 at 3). Trench France argues that this protective order will enable it to comply both with its discovery obligations pursuant to this Court's orders and with its obligations under French law. (*Id*.)

NV Energy argues in its response that there is no need to use the Hague Convention process because the parties can use the Federal Rules of Civil Procedure to obtain evidence abroad. (ECF No. 107 at 2). NV Energy argues that the French Blocking Statute is only one non-dispositive factor and that the Court should order Trench-France to produce the evidence it admits is responsive according to the Federal Rules of Civil Procedure. (*Id.* at 3-5). Trench France argues in its reply that although this Court

has the power to order it to produce documents in violation of the French Blocking Statute, that defendant is seeking to facilitate discovery in way that complies with both the laws of the United States and France. (ECF 118 at 2).

## II.     Discussion

"Blocking statutes do not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for S. Dist.*, 482 U.S. 522, 524, 107 S. Ct. 2542, 2545 (1987). "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Id.* The district court may order a foreign party to produce discovery even if it will cause the foreign party to violate a blocking statute in its home country. *Id.*; see also *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1471 (9th Cir. 1992).

To determine whether to utilize Hague Procedures, federal courts must conduct a "particularized analysis" of the "particular facts, sovereign interests, and likelihood that resort to those procedures will prove effective." *Aerospatiale,* 482 U.S. at 543-44. The Ninth Circuit considers the factors contained in the Restatement (Third) of Foreign Relations Law § 442(1)(c):

> the importance to the investigation or litigation of the documents or other information requested; the degree of specificity of the request; whether the information originated in the United States; the availability of alternative means of securing the information; and the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Richmark*, 959 F.2d at 1475 (citing *Aerospatiale*, 107 S. Ct. at 2556 n.28). The Ninth Circuit also considers (1) "the extent and the nature of the hardship that inconsistent enforcement would impose" and (2) "the extent to which enforcement by action of either state can reasonably be expected to achieve

compliance with the rule prescribed by that state." *Richmark*, 959 F.2d at 1475 (citing *United States v. Vetco Inc.*, 691 F.2d 1281, 1288 (9th Cir. 1981)).

The Court allowed NV Energy to take limited jurisdictional discovery. Trench France has evidence that is responsive to NV Energy's jurisdictional discovery requests that it ready to produce, but it argues that it would violate French law if it produced French-originated documents and ESI unless its production is channeled through the Hague Convention. (ECF No. 106). Trench France attached a sworn declaration from an experienced French attorney, Jean-Dominique Touraille, who has analyzed the case and opines that if Trench France produced the documents and ESI at issue without going through the Hague Evidence Convention, that Trench France would violate French law and be subject to criminal and civil penalties in France. (ECF No. 106 at 52-58). The Court finds that the declaration, which provides an analysis of the French Blocking Statute, supports a finding that Trench France would violate French law if it produced the evidence at issue without going through the Hague Evidence Convention.

### A.   Importance of the discovery to the litigation

Trench France, without waiving its relevance objections, maintains that the evidence at issue is responsive to NV Energy's jurisdictional discovery requests and it is ready to produce the documents. NV Energy argues that any documents that are responsive to its discovery requests are relevant to determine jurisdiction. Trench France argues that it's co-defendant, Trench Canada, produced hundreds of French documents that were stored in Canada and not subject to the blocking statute, which supports a finding that some of the responsive documents in Trench France's possession may be duplicative. (ECF No. 118 at 6). The first factor weighs in favor of utilizing Hague procedures because the remaining documents that Trench France will produce may be duplicative and will likely not be pivotal to the outcome of the motion to dismiss.

### B.   Specificity of the requests

The Court ordered the NV Energy may take only limited jurisdictional discovery. NV Energy's

discovery requests about the sales of Trench COTA bushings in Nevada span fifteen or sixteen years. NV Energy argues that its requests are narrow, but the given the number of years the discovery requests span, the breadth of discovery weighs in favor of applying the Hague Convention procedures.

### C.  Location of the evidence

Trench France is a French corporation with its principal place of business and headquarters in France. (ECF No. 28-1). Trench France states that it maintains and stores records in France, including the specific documents and ESI that NV Energy seeks in discovery. (ECF No. 106-2). Trench France states that its co-defendant, Trench Canada, has produced hundreds of Trench France documents that are not stored in France without the need for Hague procedures. NV Energy argues that some of Trench France's officers are not in France and can access the documents, so it argues that French law should not apply. This factor concerns the location of the documents and ESI, not the location of people who might be able to access the documents remotely. The only documents and ESI subject to this motion are information not in the possession of Trench Canada. Trench France asserts the evidence at issue is located in France. This factor favors use of the Hague procedures.

### D.  Availability of alternative means

"If the information sought can easily be obtained elsewhere, there is little or no reason to require a party to violate foreign law." *Richmark*, 959 F.2d at 1475. The Ninth Circuit requires that "the alternative means must be 'substantially equivalent' to the requested discovery." *Id.* Although Trench Canada has produced the Trench France documents it has without having to use the Hague procedures, Trench Canada does not have copies of all the ESI and documents that Trench France asserts are responsive to NV Energy's requests. Trench France also argues that it is ready and willing to produce the evidence that is responsive to NV Energy's requests but that it merely wishes to comply with French law and produce the documents through the Hague procedure. Trench France filed its motion before the close of the jurisdictional discovery period and Trench France asserts that the Hague procedure will only

delay production by about two months. NV Energy asserts that the Hague procedures will unnecessarily delay the case. The Court allowed NV Energy to seek jurisdictional discovery during the stay, so it will not be prejudiced by a two-month delay in receiving this evidence from France. The Court finds that the Hague procedures are a substantially equivalent alternative. This factor favors use of the Hague procedures.

### E. National Interests

The Court must, "assess the interests of each nation in requiring or prohibiting disclosure, and determine whether disclosure would affect important substantive policies or interests' of either the United States or [France.]" *Richmark*, 959 F.2d at 1476 (citing to the Restatement (Third) of Foreign Relations Law § 442 cmt. c). It "is the most important factor." *Id*. The United States has an interest in "vindicating the rights of American plaintiffs" and preserving fairness in litigation by requiring equal disclosure from the parties. See *Aerospatiale*, 482 U.S. at 540 n.25; *Richmark*, 959 F.2d at 1477.

The United States has an interest in enforcing compliance with its laws, the Federal Rules of Civil Procedure, and the orders of its courts; but that interest must be balanced against the "special problems" faced by foreign litigants. See *Aerospatiale*, 482 U.S. at 546. NV Energy argues that it is "well settled" that a blocking statute does not deprive an American court of the power to order a party subject to its jurisdiction to produce evidence even though the act of production may violate that statute. (ECF No. 107 at 8, citing to *Aerospatiale*, 482 U.S. at 544 n.29.) Jurisdiction is at issue in this case. Trench-France concedes that this Court retains power to order discovery under the Rules. The interests of the United States are unlikely to be impaired if Hague procedures are used, but the French interest may be impaired if the Court orders discovery now. This factor weighs in favor of utilizing Hague procedures.

### F. Hardship to Trench France

If the foreign national is "likely to face criminal prosecution" in its home country for complying

with a U.S. court order, "that fact constitutes a 'weighty excuse' for nonproduction." *Richmark*, 959 F.2d at 1477 (quoting *Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers*, 357 U.S. 197, 211, 78 S. Ct. 1087, 2 L. Ed. 2d 1255 (1958)). Trench-France argues that penalties for violating the French Blocking statute include imprisonment. Courts have expressed doubt regarding whether the French Blocking Statute subjects parties to a "realistic risk of prosecution." See *Salt River Project Agric. Improvement & Power Dist.*, 303 F. Supp. 3d at 1010, citing to *In re CRT Antitrust Litig.*, 2014 U.S. Dist. LEXIS 151222, 2014 WL 5462496, at 6 (collecting cases). This factor still weighs in favor of utilizing Hague procedures since the statute creates a possibility of criminal prosecution. Trench-France has not brought the hardship on itself because it is taking the necessary steps to initiate the voluntary Hague procedures and it will pay the costs associated with these procedures.

### G.  Likelihood of compliance

Trench-France asserts that it will comply with Hague procedures, pay the costs associated with the Hague procedures, and produce the documents and ESI NV Energy requested through the Hague procedures. This factor weighs in favor of Hague procedures.

### H.  Conclusion

All the factors weigh in favor of using the Hague procedures and this Court recommends that Trench France's motion be granted. As a practical matter, NV Energy raised two other objections to the proposed order and request for international judicial assistance. (See ECF No. 106-1 at 1-3 and 5-9). NV Energy argues that Trench France's proposed French Commissioner, Christian Curtil, might have conflicts of interest, so NV Energy proposes two alternative French Commissioners. (See ECF No. 107 at 11). Trench France submits that Curtil is independent and free of conflicts of interest. (ECF Nos. 106 at 52-58 and 118 at 5). NV Energy's arguments about Curtil are speculative. Trench France's counsel, as officers of the Court, have represented that Curtil is independent and the Court recommends that Curtil be appointed. NV Energy also submits that the proposed order contains an erroneous address for

plaintiff's counsel. (ECF No. 106-1). The Court recommends that the proposed order be adopted, except that is should reflect the correct address of Carlson & Messer LLP is 5901 W. Century Blvd., Suite 1200, Los Angeles, CA 90045. The Court also recommends that the proposed request for international judicial assistance be adopted.

Accordingly,

IT IS RECOMMENDED that defendant Trench France's motion for a protective order (ECF No. 106) be GRANTED.

DATED this 7th day of October 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE